IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN R. URBINA,<br><br>        Petitioner,<br><br>  vs.<br><br>WARDEN R. GROWER,<br><br>        Respondent. | No. C 13-2299 LHK (PR)<br><br>ORDER GRANTING LEAVE TO<br>PROCEED IN FORMA PAUPERIS;<br>ORDER TO SHOW CAUSE |

      Petitioner, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is GRANTED leave to proceed in forma pauperis. For the reasons that follow, the Court orders Respondent to show cause why the petition should not be granted.

**BACKGROUND**

      According to the petition, on May 25, 2011, Petitioner pleaded guilty to robbery and possession of a firearm in Humboldt County Superior Court. On July 6, 2011, Petitioner was sentenced to a term of 9 years, 8 months in state prison. On April 13, 2012, the California Court of Appeal affirmed. On June 20, 2012, the California Supreme Court then denied the petition for review. Petitioner filed the instant federal petition on April 29, 2013, in the Eastern District of California. On May 23, 2013, the Eastern District of California transferred the action to the Northern District of California.

# DISCUSSION

A. <u>Standard of Review</u>

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

B. <u>Petitioner's Claims</u>

Petitioner claims that counsel rendered ineffective assistance because he failed to investigate, produce, and present mitigating circumstances at sentencing. Liberally construed, this claim is cognizable for federal habeas review.

Petitioner also alleges that the trial court failed to orally state its reasons for imposing the upper term in sentencing Petitioner, in violation of the Fifth and Fourteenth Amendments. However, the requirement for California courts to do so is a state law requirement. Petitioner does not allege that the sentence was improper, but only that the state court failed to state the reasons for its imposition. State sentencing courts must be accorded wide latitude in their decisions as to punishment. *See Walker v. Endell*, 850 F.2d 470, 476 (9th Cir. 1987). Generally, therefore, a federal court may not review a state sentence that is within statutory limits. *See id.* "[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010) (emphasis in original). The Supreme Court has repeatedly held that federal habeas writ is unavailable for violations of state law or for alleged error in the interpretation or application of state law. *See Swarthout v. Cooke*, 131 S. Ct. 859, 861-62 (2011). A petitioner may not

1  "transform a state-law issue into a federal one merely by asserting a violation of due process."
2  *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).  Accordingly, this claim is DISMISSED
3  with prejudice for failure to state a claim.

4        The Court orders Respondent to show cause why the petition should not be granted as to
5  Petitioner's ineffective assistance of counsel claim.

## CONCLUSION

7      1.    Petitioner's motion for leave to proceed in forma pauperis is GRANTED.

8      2.    The Clerk shall serve by mail a copy of this order and the petition and all
9  attachments thereto (docket no. 1) upon the Respondent and the Respondent's attorney, the
10 Attorney General of the State of California.  The Clerk shall also serve a copy of this order on
11 Petitioner.

12     3.    Respondent shall file with the Court and serve on Petitioner, within **sixty days** of
13 the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing
14 Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.
15 Respondent shall file with the answer and serve on Petitioner a copy of all portions of the
16 underlying state criminal record that have been transcribed previously and that are relevant to a
17 determination of the issues presented by the petition.  If Petitioner wishes to respond to the
18 answer, he shall do so by filing a traverse with the Court and serving it on Respondent within
19 **thirty days** of the date the answer is filed.

20     4.    Respondent may file a motion to dismiss on procedural grounds in lieu of an
21 answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section
22 2254 Cases within **sixty days** of the date this order is filed.  If Respondent files such a motion,
23 Petitioner shall file with the court and serve on Respondent an opposition or statement of non-
24 opposition within **twenty-eight days** of the date the motion is filed, and Respondent **shall** file
25 with the court and serve on Petitioner a reply within **fourteen days** of the date any opposition is
26 filed.

27     5.    It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded that
28 all communications with the Court must be served on Respondent by mailing a true copy of the

1 document to Respondent's counsel.  Petitioner must keep the court and all parties informed of
2 any change of address by filing a separate paper captioned "Notice of Change of Address."  He
3 must comply with the Court's orders in a timely fashion.  Failure to do so may result in the
4 dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure
5 41(b).
6     IT IS SO ORDERED.
7 DATED: __7/13/13__

                                      LUCY H. KOH
8                                       United States District Judge