IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN RUBEN URBINA,<br><br>    Petitioner,<br><br>  v.<br><br>WARDEN R. GROWER,<br><br>    Respondent. | No. C 13-2299 LHK (PR)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the petition, petitioner claims that counsel rendered ineffective assistance of counsel during the penalty phase. Respondent was ordered to show cause why the petition should not be granted. Respondent has filed an answer. Although given an opportunity, petitioner has not filed a traverse. Having reviewed the briefs and the underlying record, the court concludes that petitioner is not entitled to relief, and DENIES the petition.

**PROCEDURAL HISTORY**

On December 30, 2010, petitioner was charged with three counts of home invasion robbery, one count of possession of a firearm by a felon, and several serious felony allegations. (Pet., Ex. A at 31.) Petitioner's crimes involved a co-defendant, who had a preliminary hearing on March 29, 2011. (*Id.*) In May 2011, petitioner waived his right to a preliminary hearing. Thereafter, the prosecution filed an amended complaint which charged petitioner with an

additional 14 counts of grant theft of a firearm, and one count of possession of ammunition.  (*Id.*, Ex. A at 32.)  On May 25, 2011, petitioner pleaded guilty to one count of home invasion robbery, and one count of possession of a firearm by a felon.  (*Id.*)  Petitioner understood that the court could potentially sentence him to a term of nine years and eight months in state prison.  (*Id.*)  Indeed, on July 6, 2011, the trial court sentenced petitioner to the upper term of nine years for the home invasion robbery conviction, consecutive to eight months for the firearm possession conviction.  (*Id.*)

On April 13, 2012, the California Court of Appeal affirmed the judgment.  (Pet., Ex. A at 30-34.)  On June 20, 2012, the California Supreme Court denied review.  (*Id.* at 43.)  Petitioner did not seek state habeas relief.  He filed the underlying federal habeas petition on April 29, 2013.

**STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.* at 413.

"[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, the application must also be unreasonable." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409.

The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. *Id.* at 412. Clearly established federal law is defined as "the governing legal principle or principles set forth by the Supreme Court." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent, however, only the Supreme Court's holdings are binding on the state courts, and only those holdings need be "reasonably" applied. *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003).

## DISCUSSION

Petitioner claims that trial counsel rendered ineffective assistance of counsel by failing to investigate, create, and submit a statement in mitigation during the penalty phase. The record shows that petitioner raised this claim in a supplemental brief on direct appeal. The California Court of Appeal considered the claim and rejected it. It reasoned,

> While a defendant may submit a statement in mitigation "[a]t least four days prior to the time set for imposition of judgment" (Pen. Code, § 1170, subd. (b)), defense counsel is not required to prepare one. Here, defendant proffered letters to the court on the day of sentencing. During his remarks at the hearing, defense counsel referred to the letters and a certificate of AA meetings defendant had attended in his argument in support of a low term. We must presume that the court was aware of the letters and the certificate. (*See* Evid.Code, § 664 [official duty presumed to be regularly performed].)

(Pet. Ex. A at 32.)

A claim of ineffective assistance of counsel is cognizable as a claim of denial of the Sixth Amendment right to counsel, which guarantees not only assistance, but effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order to prevail on a Sixth

Amendment ineffectiveness of counsel claim, petitioner must establish two things. First, he must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms. *Id.* at 687-88. Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

As an initial matter, the Ninth Circuit has determined that there is no clearly established Supreme Court precedent concerning ineffective assistance of counsel at a sentencing proceeding in a non-capital case. *See Davis v. Grigas*, 443 F.3d 1155, 1158 (9th Cir. 2006); *Strickland*, 466 U.S. at 686 ("We need not consider the role of counsel in an ordinary sentencing, which . . . may require a different approach to the definition of constitutionally effective assistance."); *see, e.g.*, *Davis v. Belleque*, No. 10-36035, 2012 WL 76897, at **1 (9th Cir. Jan. 11, 2012) (unpublished memorandum disposition) ("As we held in *Davis* [], we cannot grant habeas relief under 28 U.S.C. § 2254(d)(1) based on a claim of noncapital sentencing [ineffective assistance of counsel] because there is no clearly established United States Supreme Court precedent applicable to that situation."). Therefore, federal habeas relief is not available under 28 U.S.C. § 2254(d)(1) for this claim. *See Davis*, 443 F.3d at 1158.

Nonetheless, even assuming that *Strickland* is the proper framework within which to analyze a noncapital criminal sentencing claim, petitioner does not prevail. As the California Court of Appeal noted, counsel is not required to prepare a statement of mitigation under state law. Further, counsel submitted letters to the court in support of petitioner, as well as a "certificate of AA meeting." (Resp. Ex. B, RT 38.) Counsel allocated on behalf of petitioner, giving reasons why the trial court should impose a low term. (*Id.*, RT 40-41.) Petitioner offers no argument as to why counsel's performance fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 687-88. In addition, petitioner offers no evidence to demonstrate that there is a reasonable probability that, had counsel investigated and prepared a mitigation statement, the result of the proceeding would have been different. *Id.* at 694. Thus,

petitioner fails to establish either prong of the *Strickland* test.

Accordingly, the state court's rejection of petitioner's ineffective assistance of counsel claim was not contrary to, or an unreasonable application of, clearly established Supreme Court law. Petitioner is not entitled to habeas relief.

## CONCLUSION

The petition for writ of habeas corpus is DENIED. The federal rules governing habeas cases brought by state prisoners require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA is DENIED.

The Clerk is instructed to enter judgment in favor of respondent and close the file.

IT IS SO ORDERED.

DATED:  2/18/2015

_____
LUCY H. KOH
United States District Judge